## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

TYRONE YOUNG,

                    Plaintiff,

v.                                         CIVIL ACTION NO.  5:25-cv-00107

HECKARD and
WARDEN HOZALPFEL and
WARDEN YOUNG and
HSA MALISSA CRAWFORD and
AHSA PUGH and
PA JOE COOPER and
DR. EDWARDS,
*Clinical Director*, and
DR. LANE and
AW HOWELL and
PA JARREL and
PA HUTCHINSON and
UNIT MANAGER STENNETT and
UNIT MANAGER STAPLES and
COUNSELOR BURDETTE and
COUNSELOR MILAM and
CASE MANAGER HARLESS and
NURSE TILLEY and
DR. WHITED, *Psychology*, and
DR. ADKINS, *Psychology*, and
A. HONAKER, *Pharmacist*, and
HIGLEY, *RN*, and
HSA B. L. FAIN, and
CASE MANAGER VASS, *FCI Beckley*, and
PA ELLIS, *FCI Beckley*, and
SANDOVAL,
*Chief Pharmacists at FCI Beckley*, and
RYLE GRETCHEN,
*Regional Medical Director*,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Tyrone Young's Motion for Reconsideration of the Order Granting Defendants' Motion to Stay [ECF 135], filed March 27, 2026. The matter is ready for adjudication.

**I.**

On February 20, 2025, Mr. Young filed an Application to Proceed Without Prepayment of Fees or Costs, a Motion for Appointment of Counsel, and a Complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [ECF 1; ECF 3; ECF 4]. On December 18, 2025, the Court granted Mr. Young's Motion to Amend the Complaint and the Amended Complaint was filed the same day. [ECF 79; ECF 80]. Mr. Young alleges the Defendants violated his Eighth Amendment right to receive adequate medical care by exhibiting deliberate indifference to his cubital tunnel syndrome while he was incarcerated at FCI Beckley from September 7, 2021, through October 5, 2023, and again from June 4, 2024, through July 16, 2025. [*See* ECF 80]. Among other things, Mr. Young alleges Defendants' conduct caused "1) Extreme Pain every single day and night 2) Suicidal thoughts 3) Command Hallucinations 4) Muscle loss and weakness 5) longstanding numbness 6) Inability to sleep 7) loss of energy/motion and 8) permanent disability" [*Id*. at 10]. His Amended Complaint further contends the Eighth Amendment violation arises from the Defendants' failure to attend to his "serious medical needs for prompt surgery." [*Id.*].

Defendants filed a Motion to Stay on February 19, 2026, contending the issues presented before the Fourth Circuit Court of Appeals in *Mandriez Spivey v. Michael Breckon*, No. 24-6490 (4th Cir. Argued Dec. 12, 2025), could be outcome-dispositive to Mr. Young's case and provide controlling guidance on the resolution of Mr. Young's claims. [ECF 105 at 2–3]. Finding

the outcome of *Spivey* would inevitably impact resolution of substantive issues in the instant case, the Court granted Defendants' Motion to Stay on March 16, 2026. [ECF 129].

Mr. Young seeks reconsideration of that order pursuant to *Federal Rule of Civil Procedure* 54(b) "based on newly discovered medical evidence and the urgent need to prevent **manifest injustice** and **irreparable physical harm**." [ECF 135 at 1 (emphasis in original)]. He contends the case "involves an active, deteriorating medical condition where 'time is of the essence'" and "findings of Froment's sign, muscle wasting, and clawing are new, objective medical facts that prove the stay is causing active, irreparable harm." [*Id.* at 2–3]. Mr. Young provides documentation of his post-release medical records concluding that Mr. Young will require surgery for the injuries he complained of while incarcerated at FCI Beckley. [ECFs 135-1–3]. Accordingly, Mr. Young seeks a modification of requested relief and asks "that the Court vacate the stay and allow this matter to proceed to address the permanent physical injury and the need for compensatory damages to cover the cost of his urgent surgical care." [ECF 135 at 3].

## II.

"A district court has discretion to revise an order 'that adjudicates fewer than all the claims' in an action 'at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Nadendla v. WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022) (quoting Fed. R. Civ. P. 54(b)). While this rule provides for flexibility in reevaluating interlocutory orders, "the discretion Rule 54(b) provides is not limitless." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). Our Court of Appeals treats interlocutory rulings as the law of the case. *Id.*; *see also U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018). Accordingly, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case '(1) a subsequent trial producing substantially

3

different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'"

*U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (quoting *Carlson*, 856 F.3d at 325). When reconsidering issues pursuant to Rule 54(b), our Court of Appeals considers whether the movant has presented "'substantially different evidence' discovered during litigation that justifies a different outcome." *Id.* This standard departs from the stricter requirements for reconsideration under Rule 59(e) inasmuch as it accounts for "potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Id.*

### III.

### A.    *Reconsideration Pursuant to Rule 54(b)*

In his Motion, Mr. Young asserts new evidence is available warranting reconsideration to prevent manifest injustice. [ECF 135]. The Court disagrees. The medical records Mr. Young appended to his Motion to Reconsider do not provide new factual information that would alter the Court's decision as to the stay. Instead, Mr. Young's medical records show he is now receiving the treatment he sought while incarcerated, and while his symptoms are severe, they do not appear substantially different than those he presented while in BOP custody. [*See* ECF 80 at 10–13 (alleging deliberate indifference based on Defendants' ongoing failure to provide Mr. Young access to necessary surgery); *cf.* ECF 135-1 at 5 (noting Mr. Young is "a clear surgical candidate" and "surgical intervention is indicated to prevent further irreversible nerve damage and functional loss.")].

Additionally, Mr. Young provides no support for the assertion that the stay impedes his ability to access surgery. Instead, he contends "the need for surgery arose directly from the Defendants' prior deliberate indifference while Plaintiff was incarcerated" and "respectfully requests that the Court award compensatory damages in an amount sufficient to cover the full cost

of the bilateral surgeries and all associated rehabilitative care." [ECF 135 at 3]. As explained below, the careful consideration of interests in staying the case continue to weigh in favor of the stay, and Mr. Young has failed to make a showing of manifest injustice warranting reconsideration of the Court's earlier order.

**B.      *The* Landis *Factors Weigh in Favor of a Stay***

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 335 n.8 (4th Cir. 2019) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). This power gives the Court broad discretion in deciding whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 683 (1997). Thus, pursuant to that broad discretion, "a federal court is permitted to stay proceedings in a case properly before it while awaiting the decision of another tribunal." *Aikens v. Ingram*, 652 F.3d 496, 506 (4th Cir. 2011) (quoting *United States v. Mich. Nat'l Corp.*, 419 U.S. 1, 4, 95 S.Ct. 10, 42 L.Ed.2d 1 (1974)).

The decision of whether to stay the proceedings "calls for the exercise of judgment which must weigh competing interests and maintain an even balance." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (discussing *Landis*, 299 U.S. at 254–55). Specifically, the Court should consider "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford*, 715 F.2d at 127.

The *Landis* factors weighed in favor of a stay when the Court granted Defendants'

Motion to Stay, and there is no new evidence, new law, or manifest injustice warranting reconsideration of that order. The relevant question in *Spivey* is "whether the district court correctly applied the required two-step analysis from *Ziglar v. Abbasi*, 582 U.S. 120 (2017), holding first that Spivey's claims alleging that prison officials failed to provide medical care for a decaying tooth, abdominal injuries, leg injury, and a mental health condition, present '[new] contexts,' and second, the 'special factors' test forecloses the judicial creation of a new damages remedy under the circumstances of the case." [ECF 105 at 1].

Accordingly, awaiting a decision in *Spivey* serves judicial economy because the Court must resolve the same issues in the instant case -- specifically as related to (1) whether a damages remedy is available, and (2) when special factors counsel *against* recognizing a *Bivens* remedy in the context of Eighth Amendment medical mistreatment claims. *See Egbert v. Boule*, 596 U.S. 482, 492 (2022) (addressing when a claim is "meaningfully different from the three cases in which the Court has implied a damages action."); *see also Tate v. Harmon*, 54 F.4th 839, 844 (4th Cir. 2022) ("A context is new . . . when it is "different in a meaningful way from previous *Bivens* cases[.]" (quoting *Ziglar*, 582 U.S. at 138)).

Further, Defendants showed "clear and convincing circumstances outweighing potential harm" to Mr. Young. *Williford*, 715 F.2d at 127. The *Spivey* decision addresses a developing area of law with minimal precedent speaking to the special factor analysis in this precise context -- Eighth Amendment medical mistreatment -- which will undoubtedly impact the Court's resolution of the instant claims. The abovementioned considerations outweigh potential harm to Mr. Young because the stay will likely be brief inasmuch as *Spivey* was argued in December 2025. Mr. Young's allegations of ongoing deliberate indifference asserted in his opposition to Defendants' Motion to Stay lack merit inasmuch as (1) they are conclusory, and (2)

6

he is no longer in BOP custody. Mr. Young's claims center around harms suffered while he was incarcerated at FCI Beckley, and his own filings show he has been able to access medical care since his release. [*See* ECF 135-1]. There is no evidence that Mr. Young will be unable to access necessary medical care as a result of the stay of this action. Additionally, while he contends his surgical needs warrant compensatory damages, those damages would not be immediately available to Mr. Young absent a stay inasmuch as there has yet to be a final decision on the merits.

The brief stay of this litigation has no impact upon Mr. Young's ability to access medical care in the interim. While the Court is sympathetic to the possibility of prejudice as a result of the loss of records, fading memories, and any continued uncertainty regarding Defendants' accountability, these considerations still fail to tip the scales in Mr. Young's favor. Additionally, his Motion to Reconsider fails to establish any new evidence or manifest injustice that may result from the stay.

## IV.

For the foregoing reasons, the Motion to Reconsider [**ECF 135**] is **DENIED**.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER:        April 17, 2026

Frank W. Volk
Chief United States District Judge

7